IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALEXANDRA VILLAFAÑE-COLON,<br><br>**Plaintiff**,<br><br>v.<br><br>B OPEN ENTERPRISES, INC., *et al.*,<br><br>**Defendants**. | **Civil No.** 11-2099 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court is the motion to dismiss or for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and the motion to stay proceedings filed by defendants Talk 2 ME, Inc., Talk Time PR, Inc., Stargazer, Inc., and Maraliz Rivera-Ortiz (collectively "defendants"). (Docket Nos. 50 & 62.) Having considered the arguments in the motion for judgment on the pleadings and motion to stay and plaintiff Alexandra Villafañe-Colon's ("plaintiff Villafañe") opposition, (Docket Nos. 50, 53, 62, 63 & 67), and defendants' response and surreply regarding the motion to stay (Docket Nos. 66 & 70), the Court **DENIES** defendants' motion for judgment on the pleadings and **GRANTS** defendants' motion to stay for the reasons discussed below.

---

[1] Katherine Hedges, a second-year student at the University of New Hampshire School of Law, assisted in the preparation of this Opinion and Order.

Civil No. 11-2099 (FAB)                                                                 2

## I. BACKGROUND

### A. Procedural History

On November 10, 2011, plaintiff Villafañe filed a complaint seeking damages from defendant B Open Enterprises, Inc. ("defendant B Open"), defendant Talk 2 ME, Inc., defendant Talk Time PR, Inc., defendant Stargazer, Inc., an unidentified insurance company, and other unknown defendants, including many individual defendants.  (Docket No. 1.)  Plaintiff Villafañe alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), failure to provide reasonable accommodation under the Americans with Disability Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and violations of the Constitution of the Commonwealth of Puerto Rico and the Puerto Rico Civil Code.  Id. Defendants B Open, Stargazer, Inc., Talk 2 ME, Inc., Talk Time PR, Inc., Conjugal Partnership Guzman-Rivera, and Marliz Rivera Ortiz ("defendant Rivera") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 29, 2012.  (Docket No. 19.) The remaining defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(5), and 12(b)(6) on May 29, 2012.  (Docket No. 30.)  On June 11, 2012, the Court dismissed the claims against the defendants in their individual capacity because neither Title VII nor the ADA provide for a cause of action other than against an employer.  (Docket No. 26.)

Civil No. 11-2099 (FAB)                                                   3

On June 19, 2012, plaintiff Villafañe filed an amended complaint, identical to the original complaint, substituting the fictitious insurance company name with defendant Universal Insurance Company.  (Docket No. 35.)  On July 3, 2012, defendant B Open filed for protection pursuant to Chapter 7 of the Bankruptcy Code.  *In re* B Open Enterprises, Inc., No. 12-05284 (Bankr. D.P.R. filed July 3, 2012).  On that same day, defendants B Open, Conjugal Partnership Guzman-Rivera, Rivera, Stargazer, Inc., Talk 2 ME, Inc., and Talk Time PR, Inc. filed a motion to stay the proceedings in this case.  (Docket No. 42.)  The motion to stay was granted, and, on July 5, 2012, the court dismissed this case without prejudice, pending the outcome of the bankruptcy proceedings. (Docket No. 43.)

On July 19, 2012, plaintiff Villafañe moved for reconsideration of the decision to stay these proceedings.  (Docket No. 46.)  The Court granted the motion and reopened the case, limiting the stay to defendant B Open.  (Docket No. 47.) Defendants Rivera-Ortiz, Stargazer, Inc., Talk 2 ME, Inc., and Talk Time PR, Inc. then filed a new motion to dismiss or, in the alternative, a motion for judgment on the pleadings on August 20, 2012 and a new motion to stay on September 14, 2012.  (Docket No. 50 & 62.)  Plaintiff Villafañe filed an opposition to the motion for judgment on the pleadings on August 22, 2012 and requested leave to amend the complaint, which she attached.

Civil No. 11-2099 (FAB)                                                    4

(Docket Nos. 53 & 53-1.)  Plaintiff Villafañe also filed a memorandum on September 14, 2012, arguing that the case should not be stayed.  (Docket No. 63.)  Defendants responded to plaintiff Villafañe's memorandum on October 1, 2012.  (Docket No. 66.)  Plaintiff filed another memorandum opposing the motion to stay on October 1, 2012. (Docket No. 67.)  Defendants filed a surreply to this opposition on October 5, 2012.  (Docket No. 70.)

    **B.   Factual Background**

       Plaintiff Villafañe's first amended complaint alleges the following relevant facts.  Plaintiff Villafañe began working for defendant B Open as an Accounting Clerk on March 27, 2008.  (Docket No. 35 at p. 9.)  She also contends that defendants Talk 2 ME, Inc., Stargazer, Inc., Rival Enterprises, Inc., and Talk Time PR, Inc. were also her "former single and/or joint employers along with the other party defendants."  Id. at p. 8.  Soon after she began working, plaintiff Villafañe noticed accounting deficiencies, which she reported.  Id.  As a result of the ensuing investigation, defendant B Open fired the General Manager and hired defendant Rivera in his place.  Id. at p. 10.  Plaintiff Villafañe worked with defendant Rivera to correct the accounting deficiencies and investigate other accounting matters at defendant B Open.  Id.  When plaintiff Villafañe noticed other irregularities, she recommended that defendant B Open conduct an external financial audit, over defendant Rivera's objection.  Id.

Civil No. 11-2099 (FAB)                                              5

       Plaintiff Villafañe alleges that defendant Rivera sexually harassed her and made offensive comments to her, which she made clear were unwelcome. Id. at pp. 10-15. While plaintiff Villafañe was still employed there, defendant B Open's president hired a new Accounting Manager and required plaintiff Villafañe to train him. Id. at p. 11. As a result of the "previous sexual hostile working environment that [plaintiff] Villafañe had been suffering coupled with the uncertainty of her job," plaintiff Villafañe allegedly suffered emotional distress and received treatment from a psychiatrist. Id.

       Plaintiff Villafañe alleges that defendant Rivera continued to harass her sexually; as a result she took more time off from work, seeking treatment for emotional distress. Id. at 13-17. Plaintiff Villafañe contends that she reported the harassment to her superiors and asked for reasonable accommodations in compliance with the ADA because of her emotional distress. Id. at 16-17. She alleges that the request for accommodations was not answered, and that her employer failed to conduct a sufficient investigation into her hostile working environment claim. Id. Plaintiff Villafañe contends that she was stripped of her duties and eventually dismissed in retaliation for having filed administrative grievances with the Puerto Rico's Department of Labor's Anti-Discrimination Unit ("ADU") and the Equal Employment Opportunity Commission ("EEOC") and because of the time she took

Civil No. 11-2099 (FAB)                                                      6

off while under the Puerto Rico State Insurance Fund's care.  Id. at pp. 17-18.

Plaintiff Villafañe filed a second amended complaint which added the following additional relevant facts.  (See Docket No. 53-1.)  She describes defendants Talk 2 ME, Inc., Stargazer, Inc., Rival Enterprises, Inc., and Talk Time PR., Inc. similarly to the description that she previously had alleged against defendant B Open, in order to allege more clearly that all these defendants were her "former single and/or joint employers."  Id. at pp. 5-11.  Plaintiff Villafañe alleges that the president of defendant B Open is also the president of defendant Talk 2 ME, Inc., defendant Stargazer, Inc., defendant Rival Enterprises, Inc., and defendant Talk Time PR, Inc.  Id. at p. 12.  Plaintiff Villafañe also alleges that the General Manager of defendant B Open, defendant Rivera, is also the General Manager for all of the defendant corporations.  Id.  Plaintiff Villafañe states that she also investigated accounting discrepancies at defendant Talk 2 ME, Inc., defendant Stargazer, Inc., defendant Rival Enterprises, Inc., and defendant Talk Time PR, Inc. when she was investigating discrepancies at defendant B Open.  Id. at p. 13.  Plaintiff Villafañe also "prepared income tax returns and other tax documents for Talk 2 ME and Talk Time PR, Inc."  Id.

## II.  LEGAL STANDARD

"A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 503 F.3d 36, 43-44 (1st Cir. 2007). When considering a motion pursuant to Rule 12(c), a "court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . ." Id. (internal quotation and citation omitted).

Rule 12(c) permits a party to move for judgment on the pleadings. Fed.R.Civ.P. 12(c). When deciding a Rule 12(b)(6) motion, and, by extension, whether a plaintiff's complaint survives a Rule 12(c) motion, a court uses a two pronged approach to determine whether the complaint provides "fair notice to the defendants" and states "a facially plausible legal claim." See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11-12 (1st Cir. 2011). First, the Court can disregard statements that "offer legal conclusions couched as fact," because the plaintiff must do more than "parrot the elements of the cause of action." Id. at 12. Second, the Court is bound to treat all "properly pled factual allegations" as true and draw all reasonable inferences in the plaintiff's favor. Id. The Court must base its determination solely on the material submitted as part of the complaint and

Civil No. 11-2099 (FAB)                                                         8

expressly incorporated within it.  See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

The factual material pled must be sufficient "to raise a right to relief above the speculative level," and to permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ocasio-Hernandez, 640 F.3d at 12 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The Supreme Court has held that a plaintiff's pleading must cross "the line between possibility and plausibility."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 577 (2007).  A district court should not attempt to forecast the likelihood of success even if proving the alleged facts is "improbable."  Id. at 556.  A complaint that contains a plausible basis for relief, therefore, "may proceed even if it appears that a recovery is very remote and unlikely."  Id. at 556 (internal citation omitted).  The Court will draw "on its judicial experience and common sense" in evaluating the complaint's plausibility.  Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012) (internal citation omitted).

## III. DISCUSSION

### A.   Motion for Judgment on the Pleadings

The second amended complaint fails to change the facts pled significantly.  While the Court will allow the complaint to be amended a second time, it will decide the motion for judgment on

the pleadings submitted on August 20, 2012, because the facts added in the second amended complaint do not change the Court's analysis.

In their motion for judgment on the pleadings, defendants first argue that plaintiff Villafañe fails to allege that defendants Talk 2 ME, Inc., Talk Time PR, Inc., and Stargazer, Inc. are her employers under Title VII or the ADA.  (Docket No. 50 at p. 5.)  Second, defendants argue that the Court should not exercise supplemental jurisdiction over the state law claims against defendant Rivera.  Id. at pp. 8-11.  The Court will address each argument in turn.

### 1.   **Allegations Against Corporate Defendants**

The Court finds that pursuant to the standards set out in Iqbal and Twombly, plaintiff Villafañe's complaint plausibly alleges that defendants Talk 2 ME, Inc., Talk Time PR, Inc., and Stargazer, Inc. were her employers.  Plaintiff Villafañe alleges that those same corporate defendants "were at all times relevant to the facts alleged in this [c]omplaint [plaintiff] Villafañe's former single and/or joint employer."  (Docket No. 35 at p. 8.)  Defendants argue that plaintiff Villafañe fails to allege how the corporate defendants, other than defendant B Open, were involved in her employment based on the tests for "single employer" and "joint employer" previously used by the First Circuit Court of Appeals at summary judgment and to rule on injunctive relief.  (Docket No. 50 at pp. 6-9.)  At the motion to dismiss

Civil No. 11-2099 (FAB)                                                10

stage, however, the claim survives if the Court can make a plausible inference that one of these tests will be met; the heightened analysis argued by defendants is more appropriate later in the judicial process, such as at the summary judgment stage. See, e.g., Rivas v. Federacion de Asociaciones Pecuarias de Puerto Rico, 929 F.2d 814, 816 (1st Cir. 1991) (reviewing the district courts denial of summary judgement on whether an entity was a "joint employer").

The First Circuit Court of Appeals has indicated that at the motion to dismiss stage, it "require[s] only that the complaint contain well-pleaded allegations that, taken as true, establish[] an employment relationship between plaintiffs and defendants." Melendez-Fernandez v. Special Care Pharmacy Services, Inc., No. 11-1662, 2012 WL 4813528, at *5 (D.P.R. 2012) (citing Cavallaro v. Umass Mem'l Healthcare, Inc., 678 F.3d 1, 9-10 (1st Cir. 2012) (finding that a "joint employer" or "integrated enterprise" theory failed to withstand a 12(b)(6) motion to dismiss because the plaintiff pled no facts that if proven would establish any of the eight corporate defendants as her direct employer in a Fair Labor Standards Act claim)).  It is not disputed that plaintiff Villafañe has sufficiently alleged that she is an employee of one of the alleged corporate defendants, B Open.  In Cavallaro, where the plaintiffs had alleged there was an affiliation between the eight hospital defendants, but failed to

Civil No. 11-2099 (FAB)                                                11

allege which was the direct employer, the First Circuit Court of Appeals found that the plaintiffs should be entitled to amend their complaint again.[2]  Cavallaro, 678 F.3d at 10.

Plaintiff Villafañe's second amended complaint alleges that all of the individual defendants were employees of all of the corporate defendants.  (See Docket No. 53-1 at pp. 5-11.) She also alleges that there was common ownership and management of the corporate defendants and that funds were intermingled between the businesses.  Id. at pp. 8-9.  Because plaintiff Villafañe has sufficiently alleged a direct employment relationship with B Open and a connection between her work for it and the other corporate defendants, a plausible inference can be made that these corporations will satisfy at least one of the tests for either a "joint" or "single" employer pursuant to the ADA and Title VII. Defendants' motion for judgment on the pleadings of the Title VII and ADA claims is **DENIED**.

    **2.   Supplemental Claims**

The Court has dismissed the individual capacity claims against the defendants because neither Title VII nor the ADA provide for an individual cause of action outside of allegations against the employer.  (Docket No. 26.)  When the amended complaints were filed, plaintiff Villafañe left the allegations

---

[2] Similarly to this case, the Cavallaro plaintiffs had previously amended their complaints at least once.  Cavallaro, 678 F.3d at 10.

Civil No. 11-2099 (FAB)                                              12

against the individual defendants unedited, but the individual capacity pursuant to Title VII and ADA remain dismissed.

        Defendants ask the Court to decline to exercise supplemental jurisdiction over the Commonwealth claims against defendant Rivera because either all claims over which the Court has original jurisdiction have been dismissed or because there are other compelling reasons. (Docket No. 50 at pp. 9-11.) Federal courts have jurisdiction over state claims when they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Although the federal causes of actions against the individual defendants have been dismissed, the Court can maintain jurisdiction over the Commonwealth claims remaining against them because there is a complete overlap in the factual allegations in these Commonwealth claims and the federal claims which remain against the corporate defendants. See Torres-Ramos v. Metro Guard Serv., Inc., 394 F.Supp.2d. 465, 469 (D.P.R. 2005) (finding that when the individual Commonwealth claims against defendants were based on the same common nucleus of operative facts as the Title VII claims before the court, supplemental jurisdiction was properly exercised). Defendants' motion for judgment on the pleadings on the Commonwealth claims over defendant Rivera is **DENIED.**

Civil No. 11-2099 (FAB)                                                13

   B.   **Motion to Stay**

       Plaintiff Villafañe incorrectly states that this Court does not have the power to stay the proceedings because the Bankruptcy Court has jurisdiction and defendants would be required to request a withdrawal of reference. (Docket No. 63 at p. 8.) The Court's ability to stay proceedings:

> is a well established accoutrement of its broad discretion to manage and dispose of cases on its docket. A properly granted stay operates as an invaluable tool to conserve party and judicial resources, and to avoid inconsistent procedural and legal rulings. In granting a stay, however, the Court must also be mindful of the hardship and inequity to the moving party if the action is not stayed, and of the potential prejudice to the non-movant.

<u>Ramos-Martir v. Astra Merck, Inc.</u>, No.Civ.50-2038, 2005 WL 3088372, at *1 (D.P.R. 2005) (citing <u>Rivers v. The Walt Disney Co.</u>, 980 F. Supp. 1358, 1360 (C.D.Cal. 1997)).

       Defendants argue that the proceedings should be stayed against them because the costs of discovery will be too great while defendant B Open is in bankruptcy and many other relevant parties are not subject to the same discovery requirements because they were not correctly served when plaintiff Villafañe filed the complaint against them. (Docket No. 62 at p. 8.) Plaintiff Villafañe contends that there are no unusual circumstances in this case that warrant a stay of the proceedings, also arguing that proceeding against the non-debtors will not affect defendant B Open's bankruptcy proceedings. (Docket No. 63 at p. 5.) The Court

Civil No. 11-2099 (FAB)                                                    14

finds plaintiff Villafañe's arguments unavailing because, as plaintiff herself alleges in her latest amended complaint, the non-debtor defendants have almost a complete identity of interests with defendant B Open and proceedings against them have the potential to impact defendant B Open's bankruptcy.

The Bankruptcy Code provides for an automatic stay of judicial proceedings against debtors when they seek bankruptcy protection, but that protection does not extend to non-debtor third parties or co-defendants.  11 U.S.C. 362(a)(1);[3] *In re* Bora Bora, Inc., 424 B.R. 17, 23 (Bankr.D.P.R. 2010).  "The automatic stay is imposed by operation of law and does not require an injunction but it is clear that the statutory language of 11 U.S.C. § 362 imposes the automatic ex parte injunction only as to actions against the debtor."  Bora Bora, 424 B.R. at 23 (citing *In re* Supermercado Gamboa, 68 B.R. 203, 232 (Bankr. D.P.R. 1986)).

"Pursuant to 11 U.S.C. § 105, [however], the Court has 'general equity power to stay litigation that could interfere with the reorganization of the debtor.'"  Rivera-Olivera v. Antares Oil Services, 482 B.R. 44, 47 (D.P.R. 2012) (quoting *In re* A.H. Robins

---

[3] Section 362(a)(1) provides that when a petition for bankruptcy is filed pursuant to section 301, 302, or 303 of the Bankruptcy Code, a stay is issued to all entities of "the commencement or continuation, including the issuance or employment of process, or a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the cause under this title."  11 U.S.C. § 362(a).

Civil No. 11-2099 (FAB)                                                15

Co. Inc., 828 F.2d 1023, 1025 (4th Cir. 1987)).  The stay may be extended to non-debtor co-defendants or "third parties when 'unusual circumstances' exist, such as when (i) the non-debtor and debtor enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the debtor; or (ii) the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization.'"  Id. (quoting Bora Bora, 424 B.R. at 27)).

Defendants argue that defendant Talk 2 ME, Inc. and Talk Time PR, Inc. do not exist and that defendant Stargazer, Inc. is in the funeral arrangement business, and, therefore, has nothing to do with the claims in this case.  Id. at 9.  Plaintiff Villafañe alleges that defendants B Open, Talk 2 ME, Inc., Stargazer, Inc., Rival Enterprises, Inc., and Talk Time PR, Inc. are all commonly owned and managed.  (Docket No. 53-1 at pp. 9-10).  She further contends that the business operations of all of the defendant corporations, including B Open, are "interrelated, intertwined and intermingled."  Id.  Plaintiff Villafañe also alleges that B Open's president and general manager are also the president and general manager of the other defendant corporations.  Id. at p. 12.  As a result, the Court concludes that the non-debtor corporations and the debtor corporation in this case may have an identity of interests, and that the suit against Talk 2 ME, Inc., Stargazer, Inc., and Talk Time PR, Inc. is essentially a suit against

Civil No. 11-2099 (FAB)                                        16

defendant B Open.  There are, therefore, "unusual circumstances" present, justifying a stay against the non-debtor defendants.

While the Court is aware that delaying the case will present some hardship to plaintiff Villafañe, judicial resources and the resources of the parties will be conserved if this case proceeds as a whole, not piece meal.  Most of the allegations in plaintiff Villafañe's complaint directly relate to defendant B Open, not the other defendants.  (See Docket No. 53-1.)  Without defendant B Open's participation in the case, efforts would be duplicated if and when the stay is lifted as to B Open.

Additionally, plaintiff Villafañe incorrectly states that as B Open's insurer, Universal Insurance Company, is a non-debtor and that the stay should not extend to it.  (Docket No. 63 at p. 12.)  Bankruptcy Code Section 541(a)(1) describes the property of a bankruptcy estate.  11 U.S.C. § 541(a)(1).  The First Circuit Court of Appeals has held that the language of that section "is broad enough to cover an interest in liability insurance, namely, the debtor's right to have the insurance company pay money to satisfy one kind of debt - debts accrued through, for example the insured's negligent behavior."  Tringali v. Hathaway Machinery Co., Inc., 796 F.2d 553 (1st Cir. 1986) (finding that proceeds from the liability insurance were subject to the automatic stay order).  In addition to being property of the estate, the insurer would be in effect defending the claims against defendant B Open in its place,

Civil No. 11-2099 (FAB)                                                17

which again shows an identity of interest so that the suit against the non-debtor insurer is essentially a suit against the debtor. Therefore, the Court **GRANTS** the motion to stay this case, pending the outcome of defendant B Open's bankruptcy proceedings.

**IV.  CONCLUSION**

For the reasons expressed above, the Court **DENIES** defendants' motion for judgment on the pleadings and **GRANTS** defendants' motions to stay proceedings in this case, pending the outcome of B Open's bankruptcy proceedings.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 26, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
